UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
MT. HAWLEY INSURANCE COMPANY,

                Plaintiff,

    v.

PUBLIX SECURITY FIRST, LLC and
BERESFORD LEWIS,

                Defendants.
----------------------------------------------------X

Case No. 1:25-cv-00417-AKH

~~PROPOSED~~
**DEFAULT JUDGMENT**

On the below date, the Court considered the Motion for Default of plaintiff, Mt. Hawley Insurance Company ("Mt. Hawley" or "Plaintiff") against defendant Publix Security First, LLC ("Publix" or "Defendant"). The Court Clerk issued a Certificate of Default on February 28, 2025. After considering the Court's file, proof of service, and the grounds for judgment, the Court GRANTS the Motion for Default Judgment. ~~This Court finds that~~:

1. Mt. Hawley issued General Liability Policy to Publix bearing policy number PGA0005572 (the "Primary Policy"), which was in effect for the period from December 28, 2022 to December 28, 2023, and further issued Excess Liability Policy to Publix bearing policy number XGA0002079, which was in effect for the period from December 28, 2022 to December 28, 2023 (the "Excess Policy" and collectively the "Policies").

2. The Policies contain or incorporate forum and choice-of-law provisions that stipulate that New York law governs "[a]ll matters arising from or relating to this Policy, including, without limitation, its procurement, formation and issuance and all matters related to the validity, interpretation, performance and enforcement of this Policy or any part of it shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules)." Compl., ¶17, Ex. A (quoting Service of Suit and Conditions Endorsement of the Primary Policy).

3. The Primary Policy contains an endorsement titled "CONTRACTORS CONDITIONS OF COVERAGE" which provides that Mt. Hawley "shall have no obligation to defend or indemnify any insured for any 'bodily injury', 'property damage', or 'personal and advertising injury' arising in whole or in part or directly or indirectly from work by a 'contractor' regardless of whether the liability alleged against any insured is direct, vicarious, independent, or otherwise, unless" the following specified conditions are satisfied: (1) certificates of insurance are obtained

1

from each and every "contractor" listing commercial general liability coverage with limits of at least $1,000,000 per occurrence; (2) a written agreement is obtained from each and every "contractor" whereby "contractor" agreed to hold harmless and indemnify Publix Security for claims arising out of the work performed by the "contractor" pursuant to the agreement; and (3) the written agreement requirement in condition 2. obligated "contractor" to obtain additional insured coverage for Publix Security, with such coverage applying on a primary and non-contributory basis. Compl., ¶¶18, 32.

4. The Primary Policy contains an endorsement titled "AMENDED CONDITIONS ENDORSEMENT" which provides that "[t]here is no coverage under this policy, this insurance shall not apply, and we shall have no duty to defend or indemnify any insured for any claim or 'suit' alleging 'bodily injury,' 'property damage,' or 'personal and advertising injury' if, at any time and regardless of intent, you or any other insured provide materially incorrect, false, inaccurate, or incomplete information in the Application for this policy or in connection with any claim or 'suit' submitted for coverage under this policy." Compl., ¶19.

5. The Primary Policy contains an endorsement titled "SECURITY RELATED ACTIVITIES – CONDITIONS OF COVERAGE" which provides:

> It is hereby understood and agreed that a condition of coverage under this policy for "security related activities" is that the Insured will obtain certification that any its employees which provide "security related activities" possess and maintain current and valid licenses to perform such functions in any state which requires licensing of security related personnel.
>
> In the event that the Insured fails to comply with this condition or in the event that it is otherwise determined that its employee, whose activities directly or indirectly give rise to a claim, failed to maintain the requisite license, coverage for such claim shall be voided under this policy.
>
> For the purpose of this endorsement, "security related activities" shall include those activities performed by your employees whose principle role is to serve in a security capacity to protect persons or property from injury or damage.

Compl., ¶20.

6. The Primary Policy contains an exclusion titled "ABUSE OR MOLESTATION EXCLUSION" that provides that the "insurance does not apply to, nor is there a duty to defend, any claim or 'suit' seeking damages or injunctive relief because of 'bodily injury', 'property damage' or 'personal and advertising injury', directly or indirectly, in any way, (i) arising out of, (ii) involving; (iii) relating to; or (iv) in connection with" "abuse or molestation" which is defined in the policy to mean "(1) Any actual, alleged, threatened, negligent, or intentional: (a) Physical abuse, attack, or molestation; . . ." Compl., ¶15.

2

7. With respect to an incident involving a shooting at the Save-A-Lot grocery store located at 6301 Chew Avenue, Philadelphia, Pennsylvania 19138, Publix has sought a defense and indemnity from Mt. Hawley under the foregoing Policies for the personal injury litigation captioned: *Beresford Lewis v. Publix Security First, LLC, et al.*, Case ID No. 240702281, pending in the Philadelphia County Court of Common Pleas (the "Underlying Action").

8. The incident at issue in the Underlying Action arises in whole or in part from the security services performed by a "Subcontractor" (i.e., Shane Archer) pursuant to a "Subcontractor Agreement" dated August 10, 2022. The record confirms that: (i) Publix did not obtain a certificate of insurance from the Subcontractor prior to the commencement of the work performed under the Subcontractor Agreement, (ii) the Subcontractor Agreement does not require the Subcontractor to contractually hold harmless and indemnity Publix for claims arising out of the Subcontractor's work, and (iii) the Subcontractor Agreement does not require the Subcontractor to obtain additional insured coverage for Publix on a primary and non-contributory basis. As a result, Publix breached one or more of the conditions contained in the Contractors Conditions of Coverage Endorsement and therefore Mt. Hawley does not owe coverage to Publix with respect to any claims in connection with the Underlying Action under the applicable Policies.

9. The record confirms that Publix provided materially incorrect, false and inaccurate information in connection with its application for insurance submitted with respect to the Policies. Specifically, Publix misrepresented that it did not subcontract security-related work or hire subcontractors.



10. The record also confirms that the Underlying Action arises out of "security related activities" performed by Publix and Shane Archer, as that term is defined in the Primary Policy. Publicly available records confirm that, at the time of the incident that is the subject of the Underlying Action, neither Publix nor Shane Archer was licensed under the Pennsylvania Private Detective Act as required by the Primary Policy's Security Related Activities – Conditions of Coverage endorsement. As a result, there is no coverage for the Underlying Action under the applicable Policies.

11. The Underlying Action involves allegations of physical abuse or attack for which the underlying plaintiff seeks to hold Publix liable and, as such, the claims fall within the "ABUSE OR MOLESTATION EXCLUSION" and as such there is no coverage for the Underlying Action under the applicable Policies.

Accordingly, it is:

1. **ORDERED, ~~ADJUDGED~~ AND DECREED**: that Mt. Hawley's motion for default judgment is GRANTED and the following relief is hereby entered against Defendant Publix and in favor of Mt. Hawley: Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, the Court hereby declares that, under Commercial General Liability Policy No. PGA0005572 issued by Mt. Hawley to Publix for the period from December 28,

2022 through December 28, 2023 and also Excess Liability Policy No. XGA0002079 issued by Mt. Hawley to Defendant Publix for the period from December 28, 2022 through December 28, 2023, for the reasons stated in the papers submitted in support of Mt. Hawley's motion for default judgment, and as set forth herein, <u>Mt. Hawley Insurance Company</u> does not owe any duty to defend or indemnify Defendant Publix Security First, LLC in connection with the Underlying Action.

**SO ORDERED**: this 3 day of November, 2025.

_/s/ Alvin K. Hellerstein_
ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

4